**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIVKA VALIAVICHARSKA, | No. 12-15545 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-04847-JSC |
| v. | |
| BRENDAN TINNEY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted March 11, 2014[**]
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

Zhivka Valiavicharska brought this action under 42 U.S.C. § 1983 alleging,

among other things, that Officer Brendan Tinney used excessive force when he

struck her finger with a police baton during a protest on the University of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California, Berkeley campus. After a five-day trial, the jury rendered a verdict in favor of Officer Tinney, and the district court entered judgment against Valiavicharska.

Valiavicharska appeals the district court's judgment, challenging the magistrate judge's[1] evidentiary rulings related to the testimony of Sergeant Donald Jewell, a supervising officer present during the protest. Specifically, Valiavicharska argues that the magistrate judge erroneously permitted Sergeant Jewell to testify about the protest and then compounded that error by unfairly curtailing her right to cross-examine him. We review these evidentiary challenges for an abuse of discretion. *E.g.*, *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 462 (9th Cir. 2014) (en banc).

The magistrate judge did not abuse her discretion by permitting Sergeant Jewell to testify about the protest. Sergeant Jewell testified that he witnessed the demonstrators' hostile conduct toward the officers during the protest, that he ordered Officer Tinney and other officers to take protective actions and to quell the escalating conflict between the officers and demonstrators, and that he heard Officer Tinney strike the barricade with his baton and warn the demonstrators not

---

[1] On consent of the parties, Magistrate Judge Jacqueline Scott Corley presided over the jury trial.

to touch the barricade. This testimony was relevant to the jury's determination of whether Officer Tinney's conduct was objectively reasonable under the totality of the circumstances. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). In addition, Sergeant Jewell's testimony corroborated Officer Tinney's account of the events leading up to, and during, his interaction with Valiavicharska. Contrary to Valiavicharska's assertion, the unfair prejudicial effect, if any, of Sergeant Jewell's relevant testimony about the protest did not substantially outweigh its significant probative value.[2] *See United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013). Permitting Sergeant Jewell to testify was well within the bounds of the court's discretion.

We are likewise unpersuaded by Valiavicharska's related argument that the court erroneously curtailed her cross-examination of Sergeant Jewell. Valiavicharska's counsel was allowed to ask Sergeant Jewell a broad range of questions about the escalating conflict between the police and demonstrators during the protest, and the court did not unfairly constrain the scope of cross-

---

[2] Although the court initially entered a pre-trial order excluding testimony "regarding clashes between police and protestors not observed by Officer Tinney prior to" his use of force against Valiavicharska, the court later clarified that Valiavicharska opened the door to Sergeant Jewell's testimony regarding the protest by introducing evidence during her case-in-chief about clashes between the police and demonstrators. This ruling was not erroneous.

examination.  To the extent the magistrate judge limited Valiavicharska's cross-examination of Sergeant Jewell at all, she did so only to prevent unduly prejudicial, cumulative, and otherwise irrelevant testimony.  Imposing these reasonable limitations was not an abuse of discretion.  *See Carriger v. Lewis*, 971 F.2d 329, 332–33 (9th Cir. 1992) (en banc) (holding that trial court "retains wide latitude" and  "considerable discretion to limit cross-examination" (internal quotation marks omitted)).[3]

**AFFIRMED.**

---

[3] Because we conclude that the evidentiary rulings were not an abuse of discretion, we need not reach Officer Tinney's alternative argument that Valiavicharska waived her challenge to Sergeant Jewell's testimony.